**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WESTON FARRIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| vs. | § | |
| | § | **Notice of Removal** |
| ROGER GOSS, individually, and | § | **Jury Trial Demanded** |
| DOOR SERVICE, LLC | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-DESCRIBED COURT:

PLEASE TAKE NOTICE that Defendants Roger Goss ("Goss") and Door Service, LLC ( "Door Service") (collectively the "Defendants"), hereby remove to the Honorable Court the state court action described, below.

### Summary of Grounds for Removal

1.    Plaintiff Weston Farris ("Plaintiff" or "Farris") is a serial-filing, vexatious litigant who runs a clever scam by which he entices certain business telephone callers to call him, and then sues them for violation of Federal telecommunications laws in state justice court.[1]  In so doing, he abuses Federal law and wastes the resources of the state and Federal courts.   Most recently, the Honorable Judge Kenneth M. Hoyt dismissed with prejudice one of Plaintiff's scam suits.[2]

---

[1] There are at least ten such suits filed by Farris in the Justice Courts of Fort Bend County, Texas between September of 2014 and the date of filing of this Notice.  They bear Case Numbers: 14-JSC31-00149, -00186, -00194, -00195, -00196, 15-JSC-00201,- 00210,- 00216, -00230, and -00312.
[2] *See* Order Granting Dismissal with Prejudice (Doc. No. 19, April 30, 2015) in Case 4:15-cv-00505; *Weston Farris v. Rachel Hodge*; In the United States District Court of the Southern District of Texas—Houston Division.

3.     Farris sued Defendants Goss and Door Service in Texas state court alleging that Defendants violated Federal law (including the Telecommunications Consumer Protection Act) by making telephone calls to Plaintiff.  Plaintiff requests statutory penalties and other relief under Federal law and ancillary state law claims.  The Court has original jurisdiction over the claims and causes brought in the state court action under 28 U.S.C. §1331. Depending on the total monetary relief the parties seek, the Court may also have diversity jurisdiction over the action under 28 U.S.C. 1332 as well.  Goss and Door Service may remove the action under 28 U.S.C. § 1441.

## Exhibit List

4.     Pursuant to 28 U.S.C. §1446(a) and local rule LR CV-81, the following exhibits are attached hereto and are incorporated by reference:

Exhibit A:       Citation (unserved);

Exhibit B:       State Court Complaint;

Exhibit C:       All Orders signed by the State Court Judge;

Exhibit D:       The docket sheet;

Exhibit E:       An index of all matters being filed;

Exhibit F:       A list of counsel of record, including addresses, telephone numbers, and parties represented.

## Procedural and other Facts

5.     On or about July 24, 2015, Plaintiff commenced an action in the Justice Court of Fort Bend County, Texas, Precinct 3, titled *Weston Farris, Plaintiff pro se vs. Roger Goss, individually, Defendant and Door Service, LLC, Defendant* which action was assigned cause number 15-JSC31-00312 (the "State Court Action").  A copy of the

pleading by which Plaintiff commenced the State Court Action, titled "Plaintiff's Original Complaint, (the "Complaint") is attached as Exhibit "B" to this Notice and incorporated for all purposes herein.

6.     Plaintiff Weston Farris asserts in the Complaint that he is a resident of Texas.  Defendant Roger Goss is an individual who resides in Aurora, Douglas County, Colorado.  Defendant Door Service, LLC is a single member limited liability company the sole member of which resides in Aurora, Douglas County, Colorado.

7.     Neither Goss nor Door Service have been served with process in any manner as required under applicable rules or law.  However, the first date upon which either of Goss or Door Service received a copy of the Complaint was July 28, 2015 when a copy of the Complaint was transmitted by facsimile.  A copy of the Complaint, with defective Citation to Door Service, was delivered to Door Service on or about July 31, 2015 in what was, on information and belief, an unlawful and fatally defective attempt undertaken by Plaintiff and his agents to serve Texas process within the State of Colorado. A copy of the citation (delivered in a fatally defective manner to Door Service) is attached as Exhibit "A" to this Notice.

8.     This is a civil action filed in a Texas state justice of the peace court based on allegations of breach of the purported requirements of a Federal statute and regulations variously described or defined by Plaintiff in the Complaint as, or to include: (a) the Telephone Consumer Protection Act ("TCPA"), (b) 47 U.S.C. §227 [including "as amended"] (c) 47 U.S.C. §§ 227(b)(1) and 227(b)(3) (d) the "FCC's implementing rules," (e) "TCPA regulations," and/or (f) 47 C.F.R. § 64.1200, (g) the Telecommunications Act. Plaintiff's Complaint also alleges purported state law claims against Goss and Door

Service, which Plaintiff describes as claims made under Texas Business and Commerce Code Sections 305.053 and 305.053(a).  Plaintiff seeks various forms of relief such as attorney's fees for bringing of the action, costs, statutory damages, and pre-judgment interest, though he does not specifically plead which statutes, regulations, or claims he deems give rise to the right to such relief.

## The Court's Jurisdiction and Defendants' Right to Remove

9.      The Court has original jurisdiction over this action under 28 U.S.C § 1331, which provides the Federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *See also Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 745  (2012) (holding that federal courts have concurrent jurisdiction over private claims under the Telecommunications Consumer Protection Act with the state courts and the state courts do not have exclusive jurisdiction over such claims).

10.      Goss and Door Service may remove the action to this Court pursuant to the provisions of 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

11.      Plaintiff did not specify the total monetary damages he seeks against Goss or Door Service, except to state that he seeks "$1500 for each call," and except to the extent his filing of the State Court Action in Texas justice court may constitute an admission that his total claims for monetary relief are at or below the maximum jurisdictional amount of Texas justice of the peace courts (i.e. $10,000).  *See* TEX. GOV'T CODE § 26.042(a).  To

the extent that Plaintiff's apparently unliquidated claims for monetary relief, together with the counterclaims Goss and Door Service intend to file, exceed $75,000 then the Court has jurisdiction of this matter also under the provisions of 28 U.S.C. §1332(a), as Plaintiff is a resident of Texas and Defendant Goss is a Colorado resident and Door Service, LLC is entirely owned by Goss (and therefore considered a Colorado citizen for purposes of diversity of citizenship).[3]  In this case, the Defendants may remove the action under the provisions of Section 28 U.S.C. § 1441(a)

12.     The state law claims described in the Complaint are within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367 as they are based on the same case or controversy as the claims sounding under Federal law.  The state law claims are removable with this action as provided under 28 U.S.C. § 1441(c).

13.     Goss and Door Service, LLC reserve all rights, including but not limited to, all defenses available to them under applicable law and with respect to all challenges to the jurisdiction over them, proper venue of this action, or otherwise.

WHEREFORE PREMISES CONSIDERED; Defendants Roger Goss and Door Services, LLC respectfully request that the action now pending against them in the Justice Court of Fort Bend County, Precinct 3 and described herein, be removed to the United States District Court for the Southern District of Texas, Houston Division, and that the

---

[3] Once the case is removed, Goss and Door Service intend to file Motion to Dismiss the case with Prejudice based on several grounds under Federal Rule of Civil Procedure 12(b).  In conjunction with those Motions, Goss and Door Service will file a Motion for recovery of Attorney's Fees and Costs under Federal Rule 54 and a Motion for Sanctions against Plaintiff for frivolous, baseless, groundless and vexatious filings, and Goss and Door service intend to seek an award of their attorney fees and costs spent in defense of the action.  Should the case survive the "12(b)" motions to dismiss, then Goss and Door Service will file counterclaims seeking declaratory relief under 28 U.S.C. § 2201, attorney fees and other costs as provided under Federal Rule of Civil Procedure  54 as well as for monetary, injunctive and other relief against Plaintiff sounding in abuse of process and other tort claims and also arising from his frivolous, groundless, and baseless claims against Defendants.  Defendants expect that the monetary relief requested in such event shall exceed $75,000.

Clerk of the Court, the parties to that action, and all others take notice of this removal.

Defendants demand a trial by jury.  Defendants request all such other and further relief,

whether at law or equity, to which they may be justly entitled.

Respectfully Submitted,

MURRAH & KILLOUGH, PLLC

By: _____

    Richard C. Killough
    Attorney-in-charge
    State Bar No. 24007481
    Southern Dist. No. 23582
    rkillough@mktxlaw.com

    C. Mark Murrah
    State Bar No. 00797129
    Southern Dist. No. 21355
    mmurrah@mktxlaw.com

    Matthew S. Tadlock
    State Bar No. 24085771
    Southern Dist. No. 2513928
    mtadlock@mktxlaw.com

3000 Weslayan Street, Suite 305
Houston, Texas 77027
Tel. (281) 501-1601
Facsimile (713) 588-8778

ATTORNEYS FOR DEFENDANTS
ROGER GOSS and DOOR
SERVICES, LLC

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this the 7th day of August, 2015, a true and correct copy of the foregoing document has been forwarded via Electronic mail, certified mail, return receipt requested facsimile transmission, and/or first class mail or as otherwise provided by the Federal Rules of Civil Procedure, to the following counsel of record or *pro se* party, pursuant to the Federal Rules of Civil Procedure:

> Weston Farris
> 4843 Claridge Park Lane
> Katy, Texas 77494
> *Via Electronic mail: wes.farris@thegazelle.net and*
> *Via certified mail return receipt requested*

_____
Matthew S. Tadlock

## <u>CERTIFICATE OF LAST KNOWN ADDRESS</u>

I hereby certify that the last known address of the Plaintiff is:

> Weston Farris
> 4843 Claridge Park Lane
> Katy, Texas 77494

_____
Matthew S. Tadlock